J-S40037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DINESH BABU MANNEPULI | |
| Appellant | No. 8 MDA 2014 |

Appeal from the Judgment of Sentence November 6, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000881-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 24, 2014**

Appellant, Dinesh Babu Mannepuli, appeals from the Judgment of sentence entered in the Court of Common Pleas of Berks County. On appeal, Mannepuli contends that the jury's guilty verdict was against the weight of the evidence. We affirm.

On October 13, 2012, Rachel Delp was working at the Beer Mart. Mannepuli was Delp's manager.  He entered the Beer Mart and began conversing with Delp. Part way through the conversation, Mannepuli told Delp that he wanted to take her to a shed behind the business to continue the conversation.  Initially, Delp refused to go, but eventually agreed due to his "pestering."  N.T., Trial, 9/26-27/13, at 67.  Inside the shed, Mannepuli asked Delp if she wanted to kiss him and she declined.  He then pulled her onto his lap and then laid her onto a sofa.  She was pinned underneath him,

unable to move because of his size. Mannepuli proceeded to kiss Delp against her will, took her left breast out of her bra, and "put his mouth on it." *Id*., at 72. All the while, he rubbed his body against hers. During this assault, Delp told him "no." *Id*., at 71. The assault ended and Delp returned to work. She did not tell anyone about the assault as she needed the job.

Eventually, Delp told two of her other managers about the assault. She then told the owners of Beer Mart, Mannepuli's father and uncle, about the assault and two other previous assaults he perpetrated on her. The owners told her not to go to the police, but the following day she reported the assault to the authorities. Delp also hired an attorney. She explained that she felt she needed an attorney because she "knew they were going to fight it" in that "they were going to try to say that [she] was lying." *Id*., at 85. She quit approximately three weeks after the incident on the advice of counsel.

Following a jury trial, Mannepuli was found guilty of one count of indecent assault (by force), one count of indecent assault (without consent), and one count of harassment. The trial court imposed a judgment of sentence. Both the Commonwealth and Mannepuli filed post-setnence motions—the Commonwealth to clarify the sentence and Mannepuli to argue that the verdict was against the weight of the evidence. The trial court entered an order clarifying the sentence (the trial court sentenced Mannepuli

to nine to twenty-three months' incarceration, followed by a period of three years' probation) and denied Mannepuli's post-sentence motion. This timely appeal follows.

Mannepuli maintains that the verdict is against the weight of the evidence. Our standard of review for a challenge to the weight of the evidence is well settled. The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses. *See Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003). As an appellate court, we cannot substitute our judgment for that of the finder of fact. *See id*. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. *See Commonwealth v. Passmore*, 857 A.2d 697, 708 (Pa. Super. 2004).

A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." *Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted), *aff'd*, 595 Pa. 1, 938 A.2d 198 (2007).

Furthermore,

where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Champney***, 574 Pa. at 444, 832 A.2d at 408 (citation omitted).

Mannepuli contends that the jury's verdict is against the weight of the evidence and that the trial court erred in denying his post-sentence motion that the verdict is against the weight of the evidence "in light of the admission of a civil demand letter from the victim's attorney seeking $1.5 million dollars from Appellant's employers." Appellant's Brief, at 8. The settlement demand of $1.5 million was made after the trial; the demand letter was attached as an exhibit to Mannepuli's post-sentence motion.

With respect to the settlement demand, the trial court writes as follows:

this is simply not a case where proof of pending civil actions are so clearly of greater weight than the facts resulting in the adjudication that to ignore them or to give them equal weight with all the facts would be to deny Appellant justice. The fact the Ms. Delp has taken civil action against Appellant was established by Defense counsel at trial. Furthermore, the jury was aware of such pending claims against Appellant before determining a verdict.

Trial Court Opinion, 2/6/14, at 3. We agree with the trial court. The demand letter simply has no bearing on the case.

The trial court also found that "[a]fter reviewing the record, the verdict of the jury does not come as a shock to this [c]ourt. The evidence

- 4 -

presented at trial was not contrary to the verdicts of the jury." ***Id***., at 5. We can find no abuse of discretion with this conclusion.

Mannepuli's attempts to cast Delp's testimony as "inherently unreliable and contradictory," Appellant's Brief, at 10, and motivated solely by cupidity are unavailing. The jury, as noted, was free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses. Here, the jury heard the testimony and believed Delp, the trial court found that the jury's findings did not shock its conscience, and we can find no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2014