J-S36004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMON DIEHL | |
| Appellant | No. 763 WDA 2014 |

Appeal from the Judgment of Sentence April 29, 2014
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000715-2013

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 30, 2015**

Appellant, Jamon Diehl, appeals from the judgment of sentence entered on April 29, 2014, in the Court of Common Pleas of Jefferson County.  He maintains that the jury's verdict is against the weight of the evidence.  We affirm.

A jury convicted Diehl of aggravated assault, simple assault, and recklessly endangering another person.  The convictions stem from Diehl's attack of Glenn Teddy Baker, Sr.  The trial court sentenced Diehl to an aggregate sentence of 14 to 40 years' imprisonment.  This timely appeal followed.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Baker testified that he and Luis Molino went to Diehl's apartment to speak with him about his mistreatment of a female acquaintance. *See* N.T., 4/17-18/14, at 49. In the words of Baker, "it just went chaos from there." *Id*. Diehl answered the door and then went to the kitchen to retrieve a knife, which he then dropped. *See id*., at 50. Diehl then punched Baker in the back of the head and tried to pull him "in towards the house." *Id*., at 51. Molino "snatched" Baker "away from him." *Id*., at 52. The pair then left and went to another apartment. *See id*., at 54. Diehl followed them and then confronted Baker outside the other apartment. *See id*., at 55-57. Diehl "swung the knife" at Baker and the pair fell down the steps. *See id*., at 57. During the tussle, Diehl stabbed Baker. *See id*., at 62. Molino and Baker were able to subdue Diehl, eventually letting him go. Another friend of Baker's called the police. Molino's testimony corroborated Baker's. *See id*., at 161-166. Other witnesses also confirmed parts of Baker's testimony.

Diehl testified on his own behalf and presented the testimony of other witnesses. Diehl's version of events is far different from Baker's testimony. Diehl maintained that he was not the aggressor, but the victim. There is no need to detail the testimony here.

In the only issue presented on appeal, Diehl maintains that the jury's verdict is against the weight of the evidence.[1]  He maintains, essentially, that all the Commonwealth witnesses lied and that he and his witnesses testified truthfully.

Our standard of review for a challenge to the weight of the evidence is well settled.  The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.  **See Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003).  As an appellate court, we cannot substitute our judgment for that of the finder of fact.  **See id**.  Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice.  **See Commonwealth v. Passmore**, 857 A.2d 697, 708 (Pa. Super. 2004).

A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." **Commonwealth v.**

_____

[1] Diehl properly preserved this claim for our review by raising it in a post-sentence motion.  **See** Pa.R.Crim.P., Rule 607(A)(3).

***Davidson***, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted), ***aff'd***,

938 A.2d 198 (Pa. 2007).

Furthermore,

where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Champney***, 574 Pa. at 444, 832 A.2d at 408 (citation omitted).

The trial court found that the verdict did not shock its sense of justice.

A reading of the trial court's opinion reveals that the trial court agreed fully

with the jury's credibility determinations. ***See*** Trial Court Opinion, 2/2/15.

We can find no abuse of discretion with this conclusion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2015

- 4 -