J-S32006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                       :                   PENNSYLVANIA
                       :
             v.               :
                       :
                       :
ELLIOT MOSES RIVERA        :
                       :
            Appellant       :     No. 46 MDA 2018

Appeal from the Judgment of Sentence November 28, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0004108-2017

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.          **FILED OCTOBER 12, 2018**

After a small party at his home, Elliot Rivera had an altercation with his girlfriend, Devin Lathan. A jury convicted him of simple assault by causing bodily injury to Lathan.[1] On appeal, he contends the verdict was against the weight of the evidence due to inconsistencies in Lathan's testimony. We affirm.

We do not review challenges to the weight of the evidence *de novo* on appeal. ***See Commonwealth v. Rivera***, 983 A.2d 1211, 1225 (Pa. 2009).

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court also convicted Rivera on a summary charge of harassment. The court merged the convictions for sentencing purposes. Rivera's challenge does not include the harassment conviction. ***See*** Appellant's Brief, at 11.

Rather, we only review the trial court's exercise of its discretionary judgment regarding the weight of the evidence presented at trial. **See id**.

"[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." **Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." **Commonwealth v. Davidson**, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted).

At trial, the Commonwealth presented only two witnesses: Lathan and a police officer Mark Lacek. Lathan testified that on the night in question, she, Rivera, and two of Rivera's friends, "Selena" and her boyfriend, were at Rivera's home. **See** N.T., Jury Trial, 11/28/17, at 46. They were drinking alcohol and socializing until approximately 4 a.m. **See id**., at 53, 57.

As the gathering broke up, Rivera decided to walk his friends home, as he feared Selena's boyfriend would harm her. **See id**., at 47. Lathan wanted to walk as well, but Rivera did not want her to accompany him. **See id**.

This disagreement led to a physical altercation. As Lathan attempted to follow Rivera out the door, Rivera closed it behind him. **See id**. Lathan and

Rivera proceeded to struggle over the door, which eventually came off its hinges. *See id*.

Rivera walked back into the house and shoved Lathan. *See id*. In turn, she hit him. *See id*. Rivera then slapped her across the face, causing Lathan to fall onto a couch. *See id*. Rivera jumped on top of her and continued to hit her. *See id*., at 48.

Lathan fell to the ground as the struggle continued. *See id*. She was hunched over with her hands over the top of her head. *See id*. Rivera continued to strike her until Lathan screamed that he should stop because her nose was bleeding. *See id*., at 48-49.

Lathan ran upstairs to retrieve her belongings. *See id*., at 49. Rivera followed her, and continued arguing with her. *See id*. After gathering her belongings, she grabbed a candle she had brought to the gathering. *See id*.

As she made her way to go back downstairs, Rivera grabbed her by her hair and yanked her head backwards. *See id*. Lathan responded by hitting Rivera with the candle. *See id*. She ran down the stairs to find her keys. *See id*., at 50.

She then noticed that Rivera's pocket was jingling. *See id*. Lathan asked for her keys several times, and Rivera finally admitted he had them. *See id*. He then threw them out into the middle of the street. *See id*.

Lathan reported the incident to Officer Lacek later that afternoon. *See id*., at 51, 61, 66. He testified she was extremely upset when she told her

story. *See id*., at 62. He also observed she had scratches on her neck and wrist, as well as a bruise beneath her eye. *See id*., at 63.

Rivera raises several arguments against the simple assault verdict. He highlights the lack of corroborating witnesses, such as Selena and her boyfriend. He also highlights the delay between the incident and Lathan's report to police. He challenges the lack of photographs of Lathan's injuries.

However, the trial court concluded the verdict did not shock its sense of justice. *See* Trial Court Opinion, 2/1/18, at 6. While defense counsel ably focused the jury's attention on the weaknesses of the Commonwealth's case,[2] our review of the record does not demonstrate the court abused its discretion in finding the jury's verdict reasonable. As this is Rivera's only argument on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/12/2018</u>

---

[2] Indeed, the jury returned a verdict of not guilty on a charge of simple assault by physically menacing Lathan.