J-A15013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
SHAWN L. DODGE :
:
Appellant : No. 1775 MDA 2017

Appeal from the Judgment of Sentence September 13, 2017
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0000283-2015

BEFORE:  PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                **FILED JANUARY 07, 2019**

Shawn L. Dodge appeals from the judgment of sentence entered in the Franklin County Court of Common Pleas following her conviction of Driving Under the Influence ("DUI")-General Impairment.[1] Dodge challenges both the sufficiency and the weight of the evidence underlying her conviction. We affirm.

On November 13, 2014, Corporal Benjamin Frantz, a Pennsylvania State Police trooper, was patrolling Antrim Township in Franklin County, Pennsylvania. At approximately 11:00 p.m., Corporal Franz observed a black SUV driving erratically. Specifically, Corporal Frantz noted the vehicle "weaving within its lane, it would cross over the north fog line onto the berm, it would cross back over the lane, cross the double-yellow line into the

_____

[1] 75 Pa.C.S.A. § 3802(a)(1).

oncoming traffic lane several times." N.T., Bench Trial, 7/14/17, at 6-7. While it was dark with the occasional flurry, Corporal Frantz testified that the roadway was properly marked and painted, with very slight curves, and clear of any snow.

Based upon this observation, Corporal Frantz activated his dashboard camera and his overhead lights. The SUV took a "considerable amount of time [to stop]," but eventually pulled over to the side of the road. *Id.*, at 8. As Corporal Frantz approached the vehicle, he noted "a strong odor of alcoholic beverage emanating from inside the vehicle" and that the driver, later identified as Dodge, had glassy and bloodshot eyes. *See id.*, at 9-10. While Dodge initially denied consuming any alcohol, she eventually admitted to Corporal Frantz that she had a few drinks earlier in the evening. Additionally, while Dodge's speech was overall "fair," Corporal Frantz did notice "some slurring." *Id.*, at 11.

Corporal Frantz instructed Dodge to exit the vehicle and perform field sobriety tests. Dodge first performed the "walk and turn test," which left Corporal Frantz with 6 out of 8 indicators that Dodge was incapable of safely operating a motor vehicle. *See id.*, at 17. Next, Dodge performed the "one-leg stand," which provided 3 out of 4 indicators of impairment and incapability of safety operating a motor vehicle. *See id.* Based upon the totality of the circumstances, Corporal Frantz determined Dodge was incapable of safely driving due to her consumption of alcohol and placed Dodge under arrest.

Dodge proceeded to a bench trial on the charges arising from this incident. The Commonwealth presented Corporal Frantz's testimony and the dashboard video from the traffic stop. Dodge did not testify on her own behalf. At the conclusion of trial, the court found Dodge guilty of DUI-general impairment. The court sentenced Dodge to 5 days to 6 months' imprisonment, 50 hours of community service, and a 12-month suspension of her driver's license. Dodge filed a post-sentence motion challenging both the sufficiency and weight of the evidence. This timely appeal followed the trial court's denial of Dodge's motion.

On appeal, Dodge raises the following questions for our review:

1. Whether there was insufficient evidence to support the trial court's finding of guilt as to DUI: General impairment, because the Commonwealth failed to present sufficient evidence that Dodge was incapable of safely operating an automobile because of alcohol consumption.

2. Whether the trial court's verdict of guilt as to DUI: General Impairment was against the weight of the evidence whether the trooper was unable to link any observations of impaired driving to Dodge and the Commonwealth's evidence did not establish that Dodge's mental and physical faculties were impaired such that she could not operate a motor vehicle.

Appellant's Brief, at 1.

Dodge first challenges the sufficiency of the evidence underlying her DUI-General Impairment conviction. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each

- 3 -

element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003).

To support a conviction under § 3802(a)(1), the prosecution must prove "the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Commonwealth v. Teems*, 74 A.3d 142, 145 (Pa. Super. 2013) (citation omitted)

Dodge concedes that she was driving, operating, or in actual physical control of the movement of a vehicle. However, she contends that the evidence was insufficient to establish that she was incapable of safely driving due to the consumption of alcohol.

Our Supreme Court, in *Commonwealth v. Segida*, 985 A.2d 871 (Pa. 2009), described the types of evidence that the Commonwealth may offer to prove this element:

> Section 3802(a)(1), like its predecessor [statute], is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving.... The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech....The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type

- 4 -

of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol-not on a particular blood alcohol level.

*Id.*, at 879.

In her brief, Dodge argues that she was not driving erratically, but simply "straddle[d] or cross[ed] a travel lane … in a momentary and minor manner … when no other motorists were at risk." Appellant's Brief, at 15. Further, Dodge argues that her slurred speech, glassy and bloodshot eyes, and failure to perform well on the "walk and turn" and "one-leg stand" test were not conclusive to alcohol impairment. However, despite Dodge's attempt to portray the evidence in a light favorable to her defense, the relevant inquiry in conducting a sufficiency analysis requires that we view the evidence in the light most favorable to the *verdict winner*, which in this case is the Commonwealth.

When viewed in the proper light, we find the evidence presented at trial was more than sufficient to enable the factfinder to conclude that Dodge was incapable of safely driving her vehicle due to the consumption of alcohol. Corporal Frantz observed Dodge driving erratically and conducted a traffic stop. During the stop, Corporal Frantz smelled the odor of alcohol in Dodge's vehicle, noted her slurred speech and glassy eyes, and asked Dodge to step out of the vehicle to perform field sobriety tests. Dodge exhibited 9 out of 12 signs of impairment and inability to safety operate a motor vehicle during those field sobriety tests. As set forth in **Segida**, all of this evidence was properly offered in support of the conclusion that Dodge was incapable of

safely driving due to the consumption of alcohol. Therefore, we find that there was sufficient evidence for the trial court to reach this conclusion, and find no merit in Dodge's sufficiency claim.

Next, Dodge contends that her conviction should be vacated because the trial court failed to properly weigh the evidence presented by the Commonwealth. We do not review challenges to the weight of the evidence *de novo* on appeal. ***See Commonwealth v. Rivera***, 983 A.2d 1211, 1225 (Pa. 2009). Rather, we only review the trial court's exercise of its discretionary judgment regarding the weight of the evidence presented at trial. ***See id***.

"[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." ***Commonwealth v. Davidson***, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted).

In advancing her weight challenge, Dodge claims that the evidence offered that she "was incapable of safe driving was based on mere subjective factors that do not scientifically correlate to levels of impairment." Appellant's Brief, at 22. As such, Dodge contends that the Commonwealth failed to present any credible evidence correlating Dodge's level of her impairment to

her inability to drive. Because she was convicted without this necessary correlation, Dodge contends the verdict was against the weight of the evidence.

After reviewing Dodge's claim, the trial court concluded that Dodge's argument was "without merit." Trial Court Rule 1925(a) Opinion, 12/14/17, at 17. In fact, the trial court concluded that Dodge's position was "quite contrary" to the totality of the evidence as "performance on field sobriety testing, odor of alcohol, slurred speech … appearance including blood-shot/glassy eyes, etc., are all relevant and probative pieces of evidence in determining whether the defendant was incapable, at the time they were driving, of operating a motor vehicle safely due to consumption of alcohol." *See id*. As such, the trial court concluded that the verdict did not shock its sense of justice. *See id*. Our review of the record does not demonstrate the court abused its discretion in concluding that its verdict was reasonable. Therefore, Dodge's final issue on appeal merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2019

- 7 -