J-S46011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRIK OLIVER | : | |
| | : | |
| Appellant | : | No. 2552 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 6, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000091-2016

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED OCTOBER 22, 2019**

Appellant, Tyrik Oliver, appeals from the judgment of sentence imposed following his bench trial conviction of attempted murder and related offenses. Oliver challenges the sufficiency and the weight of the evidence.  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them at length here.

For the convenience of the reader, we note briefly that Appellant stabbed the victim multiple times in the chest and abdomen during a domestic argument. The victim is the mother of Appellant's newborn child. The victim

_____

[*] Retired Senior Judge assigned to the Superior Court.

required emergency open-heart surgery, but survived. This was the third such incident within a few months.

The victim gave a statement to the police, but at trial, she recanted most of it, claiming she could not remember. The trial court permitted the Commonwealth to read the victim's statement to the police into the record. The court convicted Oliver of all charges.[1] On April 6, 2018, the court sentenced Oliver to an aggregate term of not less than six nor more than twelve years of incarceration, followed by two years of supervised probation. This timely appeal followed the denial of post-sentence motions.

Oliver filed a court-ordered statement of errors, which challenged the sufficiency and the weight of the evidence. Specifically, on sufficiency, he asked: "Was there insufficient evidence to support a conviction on all counts?" Statement of Matters . . . Pursuant to Rule 1925(b), ¶ 1, 9/09/18. The trial court filed its opinion on December 14, 2018. *See* Pa.R.A.P. 1925(a).

Appellant presents two questions on appeal:

> I. Was the evidence sufficient to sustain [A]ppellant's conviction for attempted murder?
>
> II. Were the verdicts for all counts against the clear weight of the evidence?

Appellant's Brief, at 4 (unnecessary capitalization omitted).

---

[1] Specifically, the court convicted Oliver of attempted murder (18 Pa.C.S.A. § 901), aggravated assault (18 Pa.C.S.A. § 2702(a)), possession of an instrument of crime (18 Pa.C.S.A. § 907), simple assault (18 Pa.C.S.A. § 2701), and recklessly endangering another person (18 Pa.C.S.A. § 2705).

In his first issue, Oliver argues the evidence at trial was insufficient to sustain his convictions. However, his vague, boilerplate assertion in his Pa.R.A.P. 1925(b) statement of errors failed to preserve this issue for our review. **See Commonwealth v. Roche**, 153 A.3d 1063, 1071-1072 (Pa. Super. 2017). Accordingly, Oliver has waived this issue.

Next, Oliver challenges the weight of the evidence supporting his convictions. He contends that he was convicted solely upon the prior statements of the victim, which were entered as substantive evidence.

"[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." **Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." **Commonwealth v. Davidson**, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted).

Here, the trial court found credible the victim's prior inconsistent statement implicating Oliver in the stabbing that left her bleeding on the grass in front of her apartment. Further, when police arrived on the scene, Oliver was found wiping blood off the victim's body.

The court's analysis is supported by the record. Moreover, it is not unreasonable or capricious. We therefore cannot conclude the trial court abused its discretion in denying a new trial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/19