J-S21037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NIAJEE COOPER | : | |
| | : | |
| Appellant | : | No. 1361 EDA 2020 |

Appeal from the Judgment of Sentence Entered September 13, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005211-2016

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                **FILED SEPTEMBER 27, 2021**

Niajee Cooper, *nunc pro tunc*, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas at CP-51-CR-0005211-2016 following a bench trial in which he was convicted of aggravated assault, several counts of robbery – threat of immediate serious injury, prohibited possession of firearm, carrying a firearm without a license, carrying a firearm in public in Philadelphia, and possessing an instrument of crime.[1] Although he advances two arguments in his brief, Cooper's second issue, contesting the trial court's consolidation of his cases, is identical to the claim raised in his other appeal stemming from the same bench trial. ***See***

_____

* Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S.A. § 2702; 18 Pa.C.S.A. § 3701(a)(1)(ii); 18 Pa.C.S.A. § 6105(a)(1); 18 Pa.C.S.A. § 6106(a)(1); 18 Pa.C.S.A. § 6108; and 18 Pa.C.S.A. § 907(a), respectively.

*Commonwealth v. Cooper*, 1360 EDA 2020 (Pa. Super.) (unpublished memorandum). As such, we adopt this Court's adjudication of that issue and decline to address it any further in this appeal. *See id*. (finding no merit to Cooper's averment that the court abused its discretion in granting the Commonwealth's motion to consolidate). Accordingly, we consider what remains of Cooper's appeal: a challenge to the weight of the evidence used to convict him. However, in finding no merit to his contention that a guilty verdict at this specific docket number "shocks the conscience," we are constrained to affirm his judgment of sentence.

This Court provided a multi-page recitation of this matter's salient facts in Cooper's other appeal. *See id*. With that said, while the verdicts rendered against Cooper factually stem from two separate robberies and shootings, we briefly describe the history of this case as is germane solely to this docket number.

Here, after the victim had ordered food in a restaurant, he was approached by a man with what the victim described as a silver revolver. The man was wearing a black jacket, hat, and sunglasses and demanded money from the victim. Sensing the problematic nature of this interaction, the victim walked towards the restaurant's door, but as he was in the process of exiting the building, the man shot him in his right arm. The shooter then fled the vicinity.

Half a day later and after having received medical attention, the victim could not identify his assailant after being shown a photo array. In a

subsequent lineup of potential suspects, the victim positively identified an individual who was not Cooper.

Upon review of the restaurant's surveillance video, it was observed that the shooter was wearing a black leather jacket in addition to black gloves with white "AGT" lettering on them. Moreover, the video corroborated the victim's statement that he had been shot by a silver revolver.

Following a bench trial and subsequent conviction, Cooper filed a post-sentence motion, which was ultimately denied by operation of law, and no further action was taken at that point. Cooper then filed a timely *pro se* Post Conviction Relief Act petition wherein he sought reinstatement of his appellate rights *nunc pro tunc*. **See** 42 Pa.C.S.A. §§ 9541-9546. The court eventually granted his petition. After that, the relevant parties, including a now represented Cooper, complied with their respective obligations under Pennsylvania Rule of Appellate Procedure 1925. Accordingly, this matter is ripe for our review.

Cooper asks whether the trial court abused its discretion when it denied his post-sentence motion challenging the weight of the evidence. **See** Appellant's Brief, at 4. Stated differently, Cooper suggests that "[b]ased on the dearth of identification evidence, the verdict was against the weight of the evidence and should shock this Court's conscience." **Id**., at 10.

When faced with the contention that a verdict is against the weight of the evidence, our standard of review is as follows:

A motion for a new trial alleging that the verdict was against the

weight of the evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question [of] whether the verdict is against the weight of the evidence. The fact–finder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

***Commonwealth v. Wallace***, 244 A.3d 1261, 1276 (Pa. Super. 2021) (citation omitted). A challenge to the weight of the evidence "concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." ***Commonwealth v. Orie***, 88 A.3d 983, 1015 (Pa. Super. 2014) (citation omitted).

Beyond citing our standard of review, Cooper cites two cases for the propositions that: (1) vague or uncertain identifications, when standing alone, are insufficient, but that they are not necessary in order to convict; (2) any indefiniteness as to identification testimony detracts from the weight of that evidence; and (3) direct evidence of identity is not necessary, as a defendant can be convicted solely on circumstantial evidence. **See** Appellant's Brief, at 10 (citations omitted).

Distilled down, Cooper's argument is that the victim never positively identified him as the perpetrator, not twelve hours after the incident nor on

- 4 -

two occasions thereafter. *See id*., at 11. Furthermore, the victim affirmatively

misidentified the shooter.

> The court, sitting as fact-finder,

> found the video evidence from the incident involving … the [victim] to be very compelling. The trial court also found [the victim's] testimony to be credible, aside from the misidentification of the perpetrator.

> The video recording showed the shooter dressed in a black leather jacket, jeans, boots, distinctive gloves, a hood or covering over his head, and large sunglasses concealing his face. Despite concealment of the shooter's face, the trial court was able to match the facial structure of the shooter to [Cooper's] facial structure along with the fact that [Cooper] was dressed in the same or similar attire to the shooter in the second incident …, which took place the day after the first shooting.

> Although [the victim] identified an individual other than [Cooper] as the shooter at a lineup on February 18, 2016, [the victim] also testified that at the time of the shooting, he had been more concerned about saving his life as soon as he saw the gun and had not been focused on the shooter's appearance. [The victim] testified at trial that he recalled the shooter used a silver .357 revolver to shoot him. [The victim] explained that he knew it was a .357 revolver because he had a friend who used the same type of gun at the shooting range.

> The trial court was satisfied, despite [the victim] never making a positive identification of [Cooper] as the shooter, that the video recording depicted [Cooper] as the shooter. Further, that it was [Cooper] pointing a silver gun, which matched the description [the victim] provided at trial, wearing the same clothing and gloves as [Cooper] who was the shooter in the second incident with the same .357 silver revolver which was later recovered from the second incident. The trial court did not attribute inappropriate weight to [the victim's] testimony and the fact that he never made a positive identification of the [Cooper].

Trial Court Opinion, 10/26/20, at 8-10 (record citations omitted).

As Cooper, himself, concedes, wholly circumstantial evidence can lead

to conviction. Here, the similarities between Cooper, when he was arrested after committing another robbery and shooting, versus the shooter as observed on video and as reported by the victim, were materially similar, notwithstanding both the victim's nonidentification and misidentification. In any event, the victim's inability to adequately identify the shooter is readily explained, given the shooter's obfuscated face, and a positive identification was not inherently necessary in order to adjudicate Cooper guilty.

The trial court went into detail comparing the weapon that was found on Cooper following his arrest for another robbery and shooting with the one caught on video and described by the victim. The court also considered the distinctive clothing Cooper was wearing at arrest, which included gloves that were stitched with "AGT" as well as a leather jacket. At the very least, such articles aligned with the video recording at the restaurant. The court further ascertained the location signals transmitted by Cooper's cellphone, placing him at or around the scene of the restaurant shooting. In addition, the court heard testimony indicating that the shootings and robberies followed the same general trajectories as one another, even down to parallels between the phrasing employed both by Cooper and the shooter during the robberies.

In summary, despite the victim not being able to positively identify Cooper, it was not an abuse of discretion to deny Cooper's weight of the evidence claim. There was overwhelming circumstantial evidence, and in some cases direct evidence, tying him to the robbery and shooting at the restaurant,

falling well short of the standard necessary to demonstrate a meritorious claim in this domain. ***See Commonwealth v. Davidson***, 860 A.2d 575, 581 (Pa. Super. 2004) ("When the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.") (citation and internal quotation marks omitted).

Our job, as an appellate court, is not to reweigh the evidence. Instead, it is to ascertain whether the verdict is supported by evidence of record so as not to constitute an abuse of discretion in the court's denial of Cooper's claim. We find that it is supported by the record and does not, in any sense of the phrase, shock one's sense of justice.

Lastly, Cooper avers that it was somehow in error for the court to analyze the facial structure of the shooter as seen in the restaurant's video recording and juxtapose that analysis on Cooper, identifying congruity between the two. However, Cooper cites to no authority to support this proposition, which necessarily dooms any validity to his underlying assertion. ***See Commonwealth v. B.D.G.***, 959 A.2d 362, 371-72 (Pa. Super. 2008) (*en banc*) (holding that failure to cite any authority leads to waiver).

In summary and within the context of the trial court's detailed findings, which were supported by the evidence adduced at trial, we see no merit to Cooper's weight of the evidence claim and affirm his judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/27/2021</u>