J-A13008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANCIS ADAMS, JR. | |
| Appellant | No. 829 WDA 2014 |

Appeal from the Judgment of Sentence October 29, 2013
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-SA-0000005-2013

BEFORE:  PANELLA, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                **FILED SEPTEMBER 4, 2015**

Appellant, Francis Adams, Jr., appeals from the judgment of sentence entered October 29, 2013, by the Honorable John F. Wagner, Jr., Court of Common Pleas of Fayette County. After careful review, we affirm.

As we write primarily for the benefit of the parties, we will set forth only so much of the procedural and factual history of the appeal as is necessary to this memorandum. Pennsylvania State Trooper Christina Marth was traveling in her cruiser when she ran the registration on a vehicle she observed, which returned records indicating that the registered owner of the vehicle had a DUI related driver's license suspension. Trooper Marth, using a PennDot picture of Adams's driver license, identified Adams through the mirrors of the car as the driver. Trooper Marth issued a seat belt warning

and a traffic citation to Adams for driving while operating privilege is suspended or revoked.

After a summary trial, Adams was found guilty of driving while his operating privilege was suspended or revoked pursuant to 75 Pa.C.S.A. § 1543(b). Adams was later sentenced to 60 days of intermediate punishment to be served in house arrest with electronic monitoring. Adams subsequently filed a post-sentence motion, which the trial court denied.

Adams then filed a petition for reinstatement of direct appeal rights *nunc pro tunc*, which was granted. This timely appeal followed.

On appeal, Adams challenges the sufficiency and weight of the evidence supporting his conviction for driving while operating privilege is suspended or revoked. Adams also claims that the Commonwealth's failure to provide pertinent evidence violated his due process rights.

We review a challenge to the sufficiency of the evidence as follows.

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of facts may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and

all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

**Commonwealth v. Slocum**, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

Adams's sufficiency of the evidence claim consists of a suppression of the evidence claim and an e*x post facto* constitutional claim within his sufficiency of the evidence argument. Neither of these claims, of course, even constitute a challenge to the sufficiency of the evidence. (In any event, neither was even raised in the court below. **See** Pa.R.A.P. 302(a)). Adams also challenges the sufficiency of the evidence by asserting that "[t]estimony and an [e]xpert's opinion this Honorable [c]ourt accepted as fact directly contradicts and undermines Trooper Marth's testimony and credibility." Appellant's Brief, at 12. This is also not a sufficiency of the evidence claim, as questions of credibility should be raised as weight of the evidence claims. **See Commonwealth v. Gaskins**, 692 A.2d 224, 227 (Pa. Super. 1997).

We next address Adams's weight of the evidence claim. The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is

free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses. *See Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003). As an appellate court, we cannot substitute our judgment for that of the finder of fact. *See id*. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. *See Commonwealth v. Passmore*, 857 A.2d 697, 708 (Pa. Super. 2004).

A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." *Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted), *aff'd*, 938 A.2d 198 (Pa. 2007).

Furthermore,

> where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Champney*, 832 A.2d at 408 (citation omitted).

Adams challenges the weight the trial court afforded to Trooper Marth's testimony. The witnesses Adams presented testified that it was impossible for Trooper Marth to identify Adams through the windows due to

the dirt accumulated on them. Adams believed this effectively contradicted Trooper Marth's testimony that she was able to identify Adams through the rear view and side mirrors of the car. The trial court, acting as the factfinder, was free to determine the weight to give Adams's expert, in light of Trooper Marth's testimony. "It is beyond argument that the fact-finder is free to accept or reject the credibility of both expert and lay witnesses, and to believe all, part or none of the evidence." **Gunn v. Grossman**, 748 A.2d 1235, 1240 (Pa. Super. 2000) (citation omitted). The trial court found that the testimony of Trooper Marth was more credible. We do not find such a verdict, placing faith in a sworn officer of the law's testimony, to be against the evidence as to shock one's sense of justice. Thus, Adams's argument merits no relief.

Adams final argument is that the Commonwealth's failure to provide pertinent evidence violated his right to due process. Specifically, that the Commonwealth's failure to produce the mobile video recording ("MVR") of the traffic stop was in direct violation of **Brady v. Maryland**, 373 U.S. 83 (1963).[1]

---

[1] Adams attempts to raise two sub-arguments within his **Brady** claim. First, that Pennsylvania State Police did not follow policy in regards to retaining the MVR. Second, that the policy as written violates **Brady**. Adams did not raise either claim in the lower court. Therefore, we deem them waived. **See** Pa.R.A.P. 302(a).

In ***Brady***, the Court decided that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the *evidence is material* either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." ***Id.***, at 87 (emphasis added). To prove a ***Brady*** violation, the defendant bears the burden of demonstrating that: "(1) the prosecutor has suppressed evidence; (2) the evidence, whether exculpatory or impeaching, is helpful to the defendant, and (3) the suppression prejudiced the defendant." ***Commonwealth v. Koehler***, 36 A.3d 121, 133 (Pa. 2012) (citation omitted).

Adams cannot prove that the Commonwealth suppressed the evidence. No ***Brady*** violation occurs where the parties had equal access to the information or if the appellant knew or could have uncovered such evidence with reasonable diligence. ***See Commonwealth v. Collins***, 888 A.2d 564, 578 (Pa. 2005). Adams had a 31-day window in which he could have accessed the MVR video. ***See*** Reproduced Record, at 97a.[2] During this 31-day period, there was equal access to the MVR. Reasonable diligence on the part of Adams would have provided him access to the MVR. Therefore, since

---

[2] A letter referencing the departmental policy for retention of mobile video/audio recordings has been included in the reproduced record. It is not in the certified record. This Court has, under certain circumstances, overlooked an omission of material from the certified record when it could be found in the reproduced record. ***See***, ***e.g.***, ***Stewart v. Owens-Corning Fiberglas***, 806 A.2d 34, 37 n.3 (Pa. Super. 2002). ***See also*** Pa.R.A.P. 1921 *Note*. No one has disputed the letter's authenticity and we will therefore consider it in the disposition of this issue.

there was equal access to the MVR no **Brady** violation has occurred. **See See Collins**, 888 A.2d at 578.

Second, a **Brady** claim is valid only if the withheld evidence was exculpatory, as compared to "potentially useful," and there was a showing of bad faith on the part of the Commonwealth. **See Commonwealth v. Snyder**, 963 A.2d 396, 406 (Pa. 2009). Here, the attorney for the Commonwealth contends that the MVR was never in their possession. **See** Appellee's Brief, at 6. Adams provided no evidence to prove otherwise. Furthermore, Adams make no assertion as to the MVR's relevance to the case at hand.

Adams also baldly claims that "the failure of the Commonwealth to provide the Petitioner with NCIC records prior to trial violates" **Brady**. Appellant's Brief, at 22. That is the sum and substance of this claim; it is completely undeveloped. Therefore, we deem the argument pertaining to the NCIC records waived. **See Commonwealth v. Bavusa**, 832 A.2d 1042, 1052 (Pa. 2003) (reiterating that arguments for undeveloped claims are waived).

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/4/2015</u>