J-A02027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY V. DAMARIO | |
| Appellant | No. 1101 MDA 2015 |

Appeal from the Judgment of Sentence May 27, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-SA-0000016-2015

BEFORE:  PANELLA, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 22, 2016**

Appellant, Gary V. Damario, appeals from the judgment of sentence

entered May 27, 2015, in the Court of Common Pleas of York County.[1] On

_____

[*] Former Justice specially assigned to the Superior Court.

[1] On April 20, 2016, counsel for Damario, Kaitlyn S. Clarkson, Esquire, filed a "Notice of Death," informing this Court that Damario passed away on April 3, 2016. The Notice is more properly titled, "Suggestion of Death of Appellant." **See** G. Ronald Darlington, Kevin J. McKeon, Daniel R. Schuckers & Kristen W. Brown, Pennsylvania Appellate Practice § 502:2 (2015-2016). **See also** Pa.R.A.P. 502. "[T]he death of an appellant pending appeal does not moot the appeal." **Commonwealth v. Bizzaro**, 535 A.2d 1130, 1132 (Pa. Super. 1987). We therefore proceed to dispose of this appeal on the merits and affirm the judgment of sentence. **See Commonwealth v. Walker**, 288 A.2d 741 (Pa. 1972) (affirming judgment of sentence where appellant died during pendency of appeal).

appeal, Damario argues that his conviction of reckless driving[2] was against the sufficiency and weight of the evidence. No relief is due.

At approximately 3:15 p.m. on September 8, 2014, Scott Harper was driving eastbound on West Market Street in the City of York when the door to a car parked alongside the street abruptly opened. *See* N.T., Summary Conviction Appeal Hearing, 5/27/15 at 4. When Harper swerved to avoid hitting the car door, he observed that the man driving the car in the adjacent lane darted forward and "started shaking his fists … and yelling." *Id*. at 5. The man, who Harper identified as Damario, then maneuvered his vehicle into Harper's lane and starting repeatedly "brake checking" so that Harper had to activate his own brakes in order to avoid a collision. *Id*. at 5, 11. Although Harper moved his vehicle into another lane to avoid Damario, Damario also switched lanes and again pulled in front of Harper's vehicle. *See id*. at 6.

When the vehicles eventually came to a stop at a red light Damario put his car in reverse and began backing up towards Harper's vehicle. *See id*. Harper estimated that Damario's vehicle came within approximately five to ten feet from his. *See id*. When the very same thing happened at the next red light, Harper was able to get a picture of the license plate on Damario's vehicle with his cell phone. *See id*. at 6-7. Damario thereafter

_____

[2] 75 Pa.C.S.A. § 3736.

sped off, squealing his tires. **See id**. at 7. Harper estimated that the entire incident occurred over a span of five to seven blocks. **See id**. at 15.

Damario was cited for reckless driving. At a trial *de novo* held on May 27, 2015, the Commonwealth presented the testimony of Harper. Damario testified in his own defense. At the close of the hearing, the trial court credited Harper's testimony and convicted Damario of reckless driving. This timely appeal followed.

On appeal, Damario challenges both the sufficiency and weight of the evidence in support of his conviction. We review a challenge to the sufficiency of the evidence as follows.

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citations omitted).

Conversely, a challenge to the weight of the evidence "concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Commonwealth v. Orie*, 88 A.3d 983, 1015 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014) (citation omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." *Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted), *aff'd*, 938 A.2d 198 (Pa. 2007).

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will

give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Orie*, 88 A.3d at 1015-1016 (citation omitted).

The Vehicle Code defines the offense of reckless driving as "driv[ing] any vehicle in willful or wanton disregard for the safety of persons or property." 75 Pa.C.S.A. § 3736. This Court has determined that

the *mens rea* necessary to support the offense of reckless driving is a requirement that Appellant drove in such a manner that there existed a substantial risk that injury would result from his driving, i.e., a high probability that a motor vehicle accident would result from driving in that manner, that he was aware of that risk and yet continued to drive in such a manner, in essence, callously disregarding the risk he was creating by his own reckless driving.

*Commonwealth v. Bullick*, 830 A.2d 998, 1002 (Pa. Super 2003).

- 5 -

Appellant argues, relying on our decision in **Commonwealth v. Greenburg**, 885 A.2d 1025 (Pa. Super. 2005), that the evidence was insufficient to establish that his conduct was "willful or wanton." Appellant's Brief at 17-18. In **Greenburg**, the appellant was driving 20 miles over the speed limit and was therefore unable to properly negotiate a sharp turn in the road. **See** 885 A.2d at 1026. Appellant spun across two lanes of travel and crashed into an oncoming car. **See id**. Appellant was cited for reckless driving and, following a de novo nonjury trial, was convicted and fined.

In discussing the reckless driving statute on direct appeal, this Court noted that the statute requires "something more than ordinary negligence" and that in order to prove that a driver was reckless, it must be shown that his driving was "a gross departure from prudent driving standards." **Id**. at 1027. Based on the facts of that case, we held that appellant's conduct in driving too fast for the road conditions did not arise to the level of recklessness. **See id**. at 1028. The panel reasoned that because the roadway was a four-lane highway in a suburban area, there was no indication that appellant was traveling so fast as to create a high probability that a motor vehicle accident would occur. **See id**. Correspondingly, the panel determined that there was insufficient evidence of a "conscious disregard for the danger being created." **Id**. at 1030.

Damario argues that that facts of the instant case are similar in that there is no evidence that he acted in conscious disregard for the danger his conduct created. **See** Appellant's Brief at 18. Damario asserts that he was

not speeding, and essentially argues that the five block distance over which the incident occurred was such that he had no time to recognize the risk his conduct might have created. *See id*. at 19.

Damario points to no case law or other support for his contention that reckless driving must occur over a sufficient distance or time so that the driver is able to appreciate the danger of his conduct. That is, of course, because such a requirement does not exist. All that our case law requires is that there is sufficient evidence of a conscious disregard for the danger being created. In contrast to the facts presented in *Greenberg*, Damario acted in willful or wanton disregard for the safety of persons or property in repeatedly brake-checking his vehicle and then suddenly reversing his vehicle towards the car behind him. Although Damario was not speeding, he concedes in his brief that the traffic at the time and place in which the incident occurred was "heavy." Appellant's Brief at 19.

Damario's intentional conduct clearly evidenced a conscious disregard for the danger of a collision he created not only with respect to Harper, the direct object of his irrational ire, but also to those travelling the city roadway around him. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find that the evidence was sufficient to support Damario's conviction of reckless driving.

We similarly find no merit to Damario's claim that his conviction was against the weight of the evidence. The figure of Justice is firmly rooted to her pedestal in this case. Nothing about the verdict is contrary to the

evidence to shock one's sense of justice. Damario's argument amounts to nothing more than an attack on the trial court's decision to credit the testimony of Harper over Damario's own countervailing testimony. This we cannot do. **See Commonwealth v. Ratsamy**, 934 A.2d 1233, 1236 (Pa. 2007) ("The Superior Court cannot deem incredible that which the fact-finder deemed worthy of belief."). Thus, we agree that Damario's weight of the evidence claim is wholly frivolous.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/2016