J-S57002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM ABBOTT | |
| Appellant | No. 3190 EDA 2016 |

Appeal from the Judgment of Sentence April 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009786-2015
CP-51-CR-0009787-2015

BEFORE: PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 19, 2017**

A jury convicted Appellant, William Abbott, of first degree murder and charges related to his possession of a firearm in the shooting death of Clyde Holloman. In this appeal, Abbott challenges the sufficiency and the weight of the evidence supporting his murder conviction. After careful review, we affirm.

At his trial, Abbott did not contest that he had shot Holloman, or that Holloman had died at his hands. Rather, Abbott argued that he did not act with premeditation or a specific intent to kill. The jury did not agree.

On appeal, Abbott's arguments are premised upon the same basis as his trial arguments. He first contends that the evidence at trial was

insufficient to establish that he acted with premeditation or a specific intent to kill. *See* Appellant's Brief, at 9-11.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. *See id*. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 661 (citation omitted).

To sustain a conviction for first-degree murder, the Commonwealth must prove beyond a reasonable doubt that the defendant committed an "intentional killing." 18 Pa.C.S.A. § 2502(a). An intentional killing is defined as "[k]illing by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premediated killing." 18 Pa.C.S.A. § 2502(d). Further, our Supreme Court has held that, in order to support a conviction of first-degree murder, the Commonwealth must establish that: a human being was unlawfully killed; the defendant was responsible for the killing; and the defendant acted with malice and a specific intent to kill. **See Commonwealth v. Sanchez**, 82 A.3d 943, 967 (Pa. 2013). A jury may infer the specific intent to kill, as well as malice, based upon a defendant's use of a deadly weapon on "a vital part of the victim's body." **Commonwealth v. Houser**, 18 A.3d 1128, 1133-1134 (Pa. 2011) (citation omitted).

Here, it is undisputed that Abbott used a deadly weapon on a vital part of the victim's body. **See**, **e.g.**, N.T., Jury Trial, 4/19/16, at 49 (witness testimony that Abbott shot Holloman); N.T., Jury Trial, 4/20/16, at 12 (expert testimony that Holloman was killed by a gunshot wound to the chest). Abbott focuses on the testimony of Geraldine Holloman, the victim's sister.

Geraldine testified that Abbott and Holloman were involved in an argument. **See** N.T., Jury Trial, 4/19/16, at 37-40. The argument culminated

in Abbott shooting Holloman in the chest. *See id*., at 42. After shooting Holloman, Abbott threatened Holloman's wife. *See id*. Holloman's wife ultimately walked away from Abbott, and Abbott proceeded to stand over Holloman and say "I [ought] to blow your brains out." *Id*. Instead, he disposed of his gun and walked away. *See id*., at 42-43.

Abbott argues that this post-shooting sequence demonstrates that he did not have a specific intent to kill Holloman:

> [Abbott] did not premeditate a shooting but rather acted from fear, aggravation, or whatever other emotion can be attached to the confrontation that immediately preceded the shooting.
>
> [C]ounsel can think of no more compelling evidence [than] where a defendant claims that he should do something but then does not do it. Certainly the [d]efendant had the time to premeditate whether he should shoot the victim in the head after the victim was already on the ground. Having thought about it, and perhaps where clearer heads prevailed, the [d]efendant chose not to do it.
>
> Thus, where the words and actions of the [d]efendant himself clearly negate any concept of premeditation or specific intent to kill, the [d]efendant should not have been convicted of Murder in the First Degree.

Appellant's Brief, at 11.

While this line of reasoning may have made a valid argument to the jury, it does not provide a valid legal challenge to the sufficiency of the evidence. Just as the jury, based upon the evidence presented at trial, was not required to find that Abbott intended to kill Holloman, it was not required to find that he did not. As noted above, the law permits the jury to infer specific intent to kill based upon a defendant's act in using a deadly weapon

- 4 -

upon a vital portion of the victim. Firing a gun into a victim's chest surely permits just such an inference. **See Commonwealth v. Taylor**, 876 A.2d 916, 925 (Pa. 2005). Abbott's first argument on appeal merits no relief.

Next, Abbott argues that the verdict was against the weight of the evidence at trial. We do not review this claim *de novo* on appeal. **See Commonwealth v. Rivera**, 983 A.2d 1211, 1225 (Pa. 2009). Rather, we only review the trial court's exercise of its discretionary judgment regarding the weight of the evidence presented at trial. **See id**. "[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." **Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." **Commonwealth v. Davidson**, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted).

Abbott's argument on this issue closely tracks the line of reasoning contained in his sufficiency challenge. He once again claims that the testimony that he threatened to kill Holloman after shooting him was overwhelming evidence of his lack of specific intent.

The trial court reviewed the entirety of the evidence presented at trial. *See* Trial Court Opinion, 12/29/16. After this review, it concluded that the evidence did not shock its conscience. *See id*., at 14. While we once again recognize the logic of the line of reasoning highlighted by Abbott, we cannot conclude that the trial court abused its discretion. It is undisputed that Abbott chose to shoot Holloman in the chest. It is certainly reasonable for a fact finder to infer that in doing so, he intended to kill Holloman. Abbott's second and final claim on appeal fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/19/2017