**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NINA MARIE ANTUNEZ | : | |
| | : | |
| Appellant | : | No. 1517 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 31, 2018
In the Court of Common Pleas of Juniata County Criminal Division at
No(s): CP-34-CR-0000107-2017

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.: **FILED: MAY 21, 2019**

Nina Marie Antunez (Appellant) appeals from the judgment of sentence imposed after a jury convicted her of three counts of driving under the influence (DUI), 75 Pa.C.S.A. § 3802(d)(1)(i), (d)(iii) and (d)(2), and the trial court convicted her of careless driving, 75 Pa.C.S.A. § 3714. Upon review, we affirm.

The trial court summarized the evidence presented at trial as follows:

> At trial, [Dollar General sales clerk] Kimberly Claybaugh testified for the Commonwealth that, on November 3, 2016, [Appellant] arrived at Dollar General at 11:00 A.M., shopped alone for thirty minutes, checked out and left the store before coming back inside several minutes later. Notes of Testimony, Jury Trial, March 26, 2018, before Judge Kenneth A. Mummah, hereinafter known as "N.T.", 28-31. Ms. Claybaugh testified that [Appellant] sat in her car for several minutes trying to start it and that she called the police because she thought [Appellant] was drunk because [Appellant] had trouble speaking and using her credit card. *Id.* Ms. Claybaugh noted that roughly forty-five minutes

passed between when [Appellant] first entered the store and when Ms. Claybaugh called the police. ***Id.***

Trooper Zebulen Evans testified that, on the date in question, he was dispatched to the Dollar General at approximately 11:53 A.M., that he arrived at 12:03 P.M., and that [Appellant] was showing signs of impairment when he arrived. N.T., 46. Specifically, Trooper Evans noted that [Appellant] was "very confused, sluggish, [and] slow." N.T., 47-50. Further testimony showed that [Appellant's] vehicle was illegally parked between two parking spots, and that [Appellant] twice sat in the driver's seat of the vehicle, with the keys in the ignition, and attempted to start the vehicle. N.T., 29-30, 49.

In contrast, Lori Hopple testified for [Appellant] that she, not [Appellant], drove the car to the store that morning. N.T., 95. Mrs. Hopple stated that she drove [Appellant] to Dollar General at 8:20 A.M., then left for approximately 15 minutes to go to the bank, and returned to Dollar General by 8:40 A.M. N.T., 96-99. Mrs. Hopple's testimony conflicted with Ms. Claybaugh's testimony that [Appellant] arrived at the Dollar General at 11:00 A.M. and that [Appellant] was only at there for forty-five minutes, as well as Trooper Evans' testimony that he arrived at 12:03 P.M. N.T., 28, 29.

Trial Court Opinion, 11/30/18, at 2-3.

Appellant was convicted of the above offenses on March 26, 2018. On July 31, 2018, the trial court—because it was Appellant's third offense—sentenced Appellant to six months of county incarceration followed by 60 months of intermediate punishment. On August 10, 2018, Appellant filed a post-sentence motion which the trial court denied on August 17, 2018. Appellant filed this timely appeal. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant states her two appellate issues as follows:

1. Sufficiency of the Evidence. [Appellant] was never seen driving. While she was seen sitting in the driver's seat of her car,

the car was never turned on. DUI requires the Commonwealth to prove that she drove, operated or was in actual physical control of the car. The count of careless driving requires the Commonwealth to prove she drove in a careless manner. Was there sufficient evidence for the three counts of DUI and one count of careless driving?

2. Weight of the Evidence. Lori Hopple testified that she drove [Appellant] to the Dollar General and then left. None of the Commonwealth's witnesses saw [Appellant] drive, operate, or be in actual physical control of the car. W[ere] the convictions for DUI and careless driving against the weight of the evidence?

Appellant's Brief at 4.

In both of her issues, Appellant argues that the facts presented at trial do not support her convictions. Appellant first challenges the sufficiency of the evidence. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale,* 836 A.2d 150, 152 (Pa. Super. 2003). It is axiomatic that we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *See Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citation omitted). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Id.*

Here, Appellant argues that "the Commonwealth did not present sufficient evidence for DUI and careless driving as it was not established that

- 3 -

[Appellant] drove, operated, or was in actual physical control of her car." Appellant's Brief at 10. In support, Appellant attempts to re-litigate the evidence presented at trial, asserting:

No one saw [Appellant] drive to Dollar General on November 3, 2016. RR. 37: 22-23; 70: 21-23. No one saw how [Appellant] got to Dollar General except [Appellant] and Lori Hopple. RR. 96: 20-21; 97: 4-5. The cashier who called police only saw [Appellant] sitting in the parked car. RR. 30: 20-22. The car was never turned on. RR. 39: 12-13. The police arrived while [Appellant] was inside the store purchasing a soda. RR. 33: 7-9.

Appellant's Brief at 11.

Appellant's argument lacks merit. No one had to see Appellant drive the car. Appellant ignores the vast case law which states that "the evidence established by the Commonwealth at trial need not preclude every possibility of innocence, and the finder of fact is free to believe all, part, or none of the evidence presented." *See, e.g., Commonwealth v. Shaw*, 203 A.3d 281 (Pa. Super. 2019) (citation omitted). Appellant further disregards the multitude of cases which emphasize that the Commonwealth may sustain its burden of proof by wholly circumstantial evidence, and it is not within this Court's authority to re-weigh the evidence presented and substitute our own judgment for that of the fact finder. *See id.*

Our review confirms that there was sufficient evidence for the jury and trial court to conclude – without hearing eyewitness testimony but considering circumstantial evidence – that Appellant drove, operated and was in control of her vehicle. For example, the Dollar General clerk, Ms. Claybaugh, testified

that when Appellant was shopping, she appeared to be impaired. As a result, Ms. Claybaugh went outside after Appellant left the store and saw Appellant sitting "in the driver's side" of her car. N.T., 3/26/18, at 29. Ms. Claybaugh stated that based on Appellant's behavior in the Dollar General, Ms. Claybaugh "wasn't sure if [Appellant] needed help or if she was too messed up to drive. And I went out and got her license plate number and the color of the vehicle and called, because I was worried she was drunk." *Id.* at 30. Ms. Claybaugh called the police because she "was not sure [Appellant] should be driving a vehicle," noting that she never saw anyone else with Appellant until after the police arrived. *Id.* at 30-31, 33, 35. Accordingly, we find no merit to Appellant's sufficiency argument.

Next, Appellant contends that "in the alternative," her convictions should be vacated because the jury and trial court failed to properly weigh the evidence. Appellant's Brief at 12. We do not review challenges to the weight of the evidence *de novo* on appeal. *See Commonwealth v. Rivera,* 983 A.2d 1211, 1225 (Pa. 2009). Rather, we only review the trial court's exercise of its discretionary judgment regarding the weight of the evidence presented at trial. *See id.* "[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Champney,* 832 A.2d 403, 408 (Pa. 2003) (citations omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's

verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." ***Commonwealth v. Davidson,*** 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted).

Appellant advances her second issue challenging the weight of the evidence on the basis that "no Commonwealth witness observe[d] [Appellant] drive, operate, or be in actual physical control of a vehicle." Appellant's Brief at 12. Despite recognizing that a verdict must "shock the conscience" to succeed on a weight claim, Appellant simply recycles her sufficiency argument, asserting that "Lori Hopple testified that she drove [Appellant] to the Dollar General. No one saw how [Appellant] got to Dollar General but Lori." ***Id.*** at 8. Again, Appellant's entire argument is improperly premised on **this Court** weighing the evidence presented at trial. Appellant argues:

> There was a defense witness who testified that she drove [Appellant] to Dollar General. This witness is Lori Hopple.
>
> Lori Hopple, [Appellant's] sister-in-law, drove [Appellant] to Dollar General in [Appellant's] car. RR. 96-97: 17-3. Lori's daughter had taken Lori's car that day. RR. 94: 15-18. But her daughter was having an issue at the bank, so she called Lori to help her. RR. 94:12-16. Lori drove [Appellant] to Dollar General and met her daughter there. RR. 96-97:17-17. Lori left [Appellant] at Dollar General and went with her daughter to the bank. RR. 97: 18-21.
>
> The cashier of Dollar General testified that she observed [Appellant] sitting in the car for some time, but never turned on the car. This is because [Appellant] was just waiting. She was not going to drive anywhere.
>
> [Appellant] was waiting for Lori to return. Lori did return, but the police had already arrived. RR. 34:12-25; 56: 10-16. As the

- 6 -

Commonwealth did not prove beyond a reasonable doubt that [Appellant] drove, operated, or was in actual physical control of her car, the verdict was against the weight of the evidence.

Appellant's Brief at 12-13.

We reiterate that we may not reweigh the evidence or substitute our judgment for that of the fact finder. **See Koch**, 39 A.3d at 1001. Here, the trial court explained that it rejected Appellant's weight claim because "the jury clearly believed [that] the testimony presented showed [Appellant] had actual physical control of the vehicle or management of its movements." Trial Court Opinion, 11/30/18, at 3. As such, the trial court concluded that the verdict did not shock its sense of justice. **Id.** at 2-3. Our review of the record does not support a finding that the trial court's conclusion was an abuse of discretion. Therefore, Appellant's weight issue does not warrant relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2019