J-S05005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY WINTERS | : | |
| | : | |
| Appellant | : | No. 756 WDA 2018 |

Appeal from the Judgment of Sentence April 9, 2018
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002730-2017

BEFORE: PANELLA, P.J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, P.J.: **FILED JULY 19, 2019**

Timothy Winters appeals from the judgment of sentence entered in the Erie County Court of Common Pleas following his conviction of simple assault, unlawful dissemination of an intimate image, obscene materials, and criminal mischief. Appellant challenges the sufficiency of the evidence, the weight of the evidence, and the discretionary aspects of his sentence. We affirm.

The trial court summarized the facts of this case as follows.

> Appellant's charges arose on the afternoon of August 8, 2017, in the City of Erie, when Appellant broke into the home of his estranged wife, ["the Victim"], damaging the back door in the process. The Victim was in an upstairs bedroom having sex with [A.H.]. Appellant made his way to the bedroom while using his phone to record the Victim, , who was wearing only a black tank top. She was naked from the waist down. Appellant streamed her

_____

* Retired Senior Judge assigned to the Superior Court.

partially nude images on Facebook Live for public viewing on his Facebook page.

Appellant assaulted A.H. and the Victim. He punched A.H. several times around the head and neck with a closed fist. He grabbed the Victim and threw her on the bed. The Victim called 911 and gave a description of Appellant carrying a silver cigarette rolling machine and his clothing, a blue striped shirt and white sneakers, to emergency operators. Appellant made his way out the back door with the video recorder still running. The video depicts Appellant's distinctive sneakers and silver cigarette rolling machine. The video shows Appellant jumping fences through back yards as he fled the scene.

Appellant was apprehended a block and [a] half from the residence, within two minutes of the 911 dispatch. City of Erie Police Officer Ronald Pilarski ("Pilarski") had been patrolling the neighborhood about three blocks from the [] residence. Pilarski heard the 911 call come through as a disturbance. Pilarski saw Appellant jogging about a block and [a] half from the residence, carrying a silver cigarette rolling machine. Pilarski was able to match Appellant and his clothing to the description given by the Victim. Pilarski detained Appellant and placed him in handcuffs in the back seat of his patrol car.

Pilarski proceeded to the [] home where he interviewed the Victim and A.H. Another patrol car arrived and the officers watched over Appellant while Pilarski was inside the [] home. Pilarski observed [A.H.'s] injuries and the damage to the rear door. Pilarski was told at the scene that there may have been some videos taken of the victims.

Appellant was then transported to the police station where his cell phone and clothing were removed from his person. Appellant's shirt and shoes were tagged into evidence. As Pilarski was interviewing Appellant at the station, the Victim phoned the police station to report Appellant's recordings of her partially nude images were appearing on the internet for public viewing.

Pilarski received consent from Appellant to search his phone. The video depicting inappropriate images of the Victim did not appear on Appellant's phone but did appear on Appellant's Facebook page after the police logged on to Appellant's account. Thereafter, the police obtained a search warrant for Appellant's phone and

Facebook account which was served on Facebook. Inappropriate images of the Victim wearing only a black tank top were posted on Facebook Live at 2:03 p.m. Screenshots from Appellant's video depict his distinctive sneakers and cigarette rolling machine as he is fleeing the residence.

The Victim placed the 911 call at 2:04 p.m. and the call was dispatched at 2:07 p.m. Appellant was apprehended by Pilarski within two minutes of the dispatch, at 2:09 p.m. No one other than Appellant had touched or taken possession of his cell phone before it was taken from Appellant at the police station.

Trial Court Opinion, 7/12/18, at 1-3.

Following a jury trial, Appellant was convicted of simple assault, unlawful dissemination of intimate image and obscene materials. The trial court convicted Appellant of one summary count of criminal mischief. Subsequently, the trial court imposed an aggregate sentence of 28 to 56 months' imprisonment, followed by 90 days' probation, broken down as follows: 12 to 24 months' imprisonment for simple assault, 16 to 32 months' imprisonment for obscene materials, and 90 days' probation for criminal mischief.[1] All of these sentences were set to run consecutively. This appeal follows the denial of Appellant's post-sentence motions.

Appellant presents three questions for our review:

1. Did the Commonwealth present insufficient evidence to sustain each of Appellant's convictions as the testimony was so contradictory on the essential issues that the jury's findings were based on mere conjecture and speculation?

2. Did the trial court erred [sic] when it denied Appellant's post-sentence request for relief on weight of the evidence grounds?

_____

[1] Appellant's unlawful dissemination of an intimate image conviction merged with his obscene materials conviction for sentencing purposes.

- 3 -

3. Did the trial court commit an abuse of discretion by imposing an aggregate sentence that was manifestly excessive, clearly unreasonable, and inconsistent with the objectives of the Pennsylvania Sentencing Code?

Appellant's Brief, at 8.

In his first issue on appeal, Appellant contends that the evidence was insufficient to support his convictions. Specifically, Appellant asserts the Commonwealth failed to meet its burden of proof because "the testimony was so contradictory on the essential issues that the jury's findings were based on mere conjecture and speculation[.]" Appellant's Brief, at 8 ¶ 1. However, because Appellant failed to properly preserve this issue in his Rule 1925(b) statement, we find this issue waived for our review.

To preserve a sufficiency challenge, an appellant's Rule 1925(b) statement must state with specificity the element or elements of the crime upon which the appellant alleged the Commonwealth's evidence was insufficient; the failure to specify the particular element or elements in question will result in waiver of the sufficiency challenge on appeal. *See e.g.*, *Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017); *Commonwealth v. Freeman*, 128 A.3d 1231, 1248 (Pa. Super. 2015); *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013); *Commonwealth v. Williams*, 959 A.2d 1252, 1258 (Pa. Super. 2008); *Commonwealth v. Flores*, 921 A.2d 517, 522-523 (Pa. Super. 2007). Waiver of a sufficiency challenge in this context occurs even where the trial court addresses the issue in its Rule 1925(a) opinion and where the

Commonwealth does not object to the defective Rule 1925(b) statement. *See*, *e.g.*, *Roche*, 153 A.3d at 1072.

Here, in his Rule 1925(b) statement, Appellant alleged that his simple assault, criminal mischief, unlawful dissemination, and obscene material convictions were based on insufficient evidence because "the victim and law enforcement officers[] contradicted themselves [on] multiple occasions on factual matters and that those factual matters were a substantial deviation from what the Commonwealth alleged happened...." Appellant's 1925(B) Statement of Matters Complained of on Appeal, 6/6/18, at ¶ 1. Appellant's claim does not specify which element or elements of these multi-element crimes Appellant contends the Commonwealth failed to prove. Therefore, we are constrained to find Appellant has waived his sufficiency challenges on appeal.

We further note that, even if this issue had been preserved, Appellant's arguments are all more properly classified as challenges to the weight of the evidence. For example, Appellant argues "the conviction of criminal mischief rested entirely on the incredibly inconsistent testimony of a number of witnesses." Appellant's Brief, at 29-30. He proceeds to highlight inconsistencies regarding the state of the outside door to the residence, the number of times Appellant punched A.H., and whether A.H. was *in flagrante delicto* when the assault started. None of these inconsistencies are sufficient to render the testimony mere conjecture. *See Commonwealth v. DeJesus*, 860 A.2d 102, 107 (Pa. 2004). The jury was free to weigh the consistency of

the Commonwealth's evidence in reaching its verdict, and we will not disturb its credibility determinations on appeal. *See id*.

Moving to his second issue on appeal, Appellant challenges the weight of the evidence underlying his convictions.

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (internal citations and quotation marks omitted). "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." *Id*. (citation omitted; brackets in original).

"We may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the

judicial conscience." **Commonwealth v. Davidson**, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted).

Appellant contends that the Victim's and A.H.'s testimony was inconsistent with other evidence, and that those inconsistencies raised questions as to whether: 1) Appellant was able to break into the house without anyone hearing him; 2) the attack on A.H. happened as Victim and A.H. claimed; and 3) Appellant was able to post the video of Victim and A.H. to Facebook. **See** Appellant's Brief, at 30-32; 34-35. Appellant claims that, due to these inconsistencies, it was impossible for the jury to conclude beyond a reasonable doubt that he was guilty of the crimes of which he was convicted. As such, Appellant claims his guilty verdicts shock the conscience and warrants a new trial. **See id**.

The trial court disagreed, finding that "[i]n this case, the jury was able to reasonably find all the necessary elements of the crimes were established." Trial Court Opinion, 7/12/18, at 16. Therefore, it concluded the verdicts "were not so contrary to the evidence as to shock one's sense of justice." **Id**.

Upon review, we conclude that the trial court did not abuse its discretion in denying Appellant's weight claim. Appellant's weight claim centered on his belief that the inconsistencies between the victims' testimony and additional evidence defeated the jury's ability to find guilt beyond a reasonable doubt. However, at Appellant's trial, "the jury was the ultimate fact-finder and the sole arbiter of the credibility of each of the witnesses." **Commonwealth v.**

*Jacoby*, 170 A.3d 1065, 1080 (Pa. 2017). "Issues of witness credibility include questions of inconsistent testimony…" *Id.*, at 1081 (citation omitted). "A jury is entitled to resolve any inconsistencies in the Commonwealth's evidence in the manner that it sees fit." *Id.* (citation omitted). Further, "inconsistencies in eyewitness testimony are not sufficient to warrant a new trial on grounds that the verdict was against the weight of the evidence." *Id.* (citation omitted). Here, the jury properly acted as the fact-finder and resolved the inconsistences between the evidence in favor of the Commonwealth. The trial court did not abuse its discretion in respecting the jury's credibility determinations. Appellant's weight claims merit no relief.

Finally, Appellant argues that the trial court abused its discretion by imposing a manifestly excessive sentence. *See* Appellant's Brief, at 8 ¶ 3, 24-26, 35-37. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Appellant preserved this issue through a timely post-sentence motion, and filed a timely appeal. Counsel has included the required Rule 2119(f) statement. We therefore review the Rule 2119(f) statement to determine if Appellant has raised a substantial question.

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation omitted); *see also* Pa.R.A.P. 2119(f).

Appellant "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365.

Appellant contends the sentence imposed by the court was excessive, as the court ran the sentences consecutively, as opposed to concurrently. "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where

the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Moury*, 992 A.2d at 171-172 (Pa. Super. 2010) (citation omitted).

The sentence imposed here, an aggregate of 28 to 56 months' imprisonment, followed by 90 days' probation, is not unduly harsh given the crime at issue. A jury convicted Appellant of four crimes stemming from his physical attack and violation of the Victim and A.H.'s privacy. This is not an extreme sentence. Appellant therefore does not raise a substantial question for our review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2019