J-S05006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM J. REID | : | |
| | : | |
| | : | No. 816 MDA 2021 |

Appeal from the Judgment of Sentence Entered April 12, 2021
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000471-2020

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED MAY 05, 2022**

William Reid appeals from the judgment of sentence entered in the Berks County Court of Common Pleas on April 12, 2021, following his conviction of driving under the influence ("DUI") and related charges. On appeal, Reid challenges both the sufficiency and the weight of the evidence underlying his conviction for DUI. After careful review, we affirm.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). The Commonwealth may meet this burden

of proving every element of the crime by utilizing only circumstantial evidence. *See Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder, so long as the evidence presented is utterly incapable of supporting the necessary inferences. *See id*. This Court does not independently assess credibility or otherwise assign weight to evidence on appeal. *See Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004).

Viewed favorably to the Commonwealth, the evidence upon which Reid was convicted is as follows. On November 27, 2019, Reid went out to a bar with his friend Megan. James Nonnemacher, a friend of Megan's, later picked them up from the bar and took them to Megan's mother's house, where Reid had left his car. At that time, Reid was intoxicated and slurring his words. Megan wanted to go back to the bar but did not want to leave Reid at her mother's house, so she asked Reid to leave. Reid agreed to leave, got into his car, and backed out of the driveway.

After Reid drove away, Megan called the police. While they were waiting for the police to arrive, Nonnemacher drove around to try to find Reid. Nonnemacher eventually encountered Reid driving toward him on a narrow street. Reid almost struck Nonnemacher, who was able to swerve away. Reid

then returned to Megan's mother's house, parked his car, and tried to enter the house.

Officer Focht of the Fleetwood Police Department arrived and saw a black SUV, registered to Reid, parked in front of the house. Officer Focht spoke with both Nonnemacher and Reid. Officer Focht then administered field sobriety tests to Reid, which Reid failed. Officer Focht additionally observed that Reid had red glassy eyes, slurred speech, poor balance and 'roller coaster' changes in attitude. Based on these observations, along with Reid's failure of the field sobriety tests, Reid was taken into custody. A breath test was administered indicating a blood alcohol content of 0.149%. At the time of the incident, Reid's driver's license was under suspension for a previous DUI.

On March 19, 2021, Reid proceeded to a bench trial on the charges arising from this incident. The Commonwealth presented testimony from Officer Focht and Nonnemacher. Reid did not testify on his own behalf. At the conclusion of the trial, the court found Reid guilty of two counts of DUI, one count of careless driving, and one count of driving while operating privilege is suspended or revoked. On April 12, 2021, the trial court sentenced Reid to an aggregate term of sixty days to six months' imprisonment. Reid filed a timely post-sentence motion, challenging the sufficiency and weight of the evidence. After the motion was amended, the trial court denied the motion. This timely appeal followed.

To support a conviction under Section 3802(a)(1), the prosecution must prove "the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." **Commonwealth v. Teems**, 74 A.3d 142, 145 (Pa. Super. 2013) (citation omitted).

Here, Reid concedes that the testimony at trial was technically sufficient, if believed, to support his conviction for DUI. **See** Appellant's Brief, at 17-18. However, he argues that this is a case where the "evidence offered to support a verdict of guilt is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture[.]" **See id**. at 15 (quoting **Commonwealth v. Farquharson**, 354 A.2d 545, 547 (Pa. 1976). Reid concedes he had consumed alcohol to a point that made him intoxicated. However, Reid contends the evidence was insufficient to establish that he was driving, operating, or in actual physical control of the movement of a vehicle:

> The only testimony really purporting to show that [Reid] ever drove a car on November 27, 2019[,] came from [Nonnemacher,] whose credibility or at least reliability … is gravely to be doubted. … In this case, one cannot fail to infer something darker and weightier beneath the surface of what was allowed into evidence with regard to Nonnemacher's relationship with [Reid.]
>
> [Nonnemacher] pursued [Reid] with such a weird, grim tenacity that night; acted as almost no one else would ever have acted in this situation – no one, that is, without some ulterior, peculiarly vindictive motive.

*Id*. at 17-18.

We recognize that the only evidence that Reid had driven a vehicle is found in Nonnemacher's testimony. It is clear from the record that Officer Focht did not witness Reid driving a vehicle. Nor was there any direct evidence upon Officer Focht's arrival that Reid had driven a vehicle. Specifically, the vehicle was properly parked on the side of the road in front of a residential home, Reid was coming out of the house at the time and did not have possession of the keys to a vehicle, and Officer Focht did not check if the vehicle was warm to the touch from having been driven.

However, we note that Reid has failed to establish that Nonnemacher's testimony was inherently contradictory. Rather, his argument on appeal focuses on questioning whether Nonnemacher had an ulterior motive for his testimony. While this could possibly be an appropriate argument to the fact-finder before a verdict is rendered, it falls far short of establishing that Nonnemacher's testimony was so unreliable as to render it insufficient to support the verdict.

The trial court, sitting as fact-finder, was entitled to find Nonnemacher's testimony credible that Reid was drunk when they returned to Megan's mother's home, that Reid got in his car and drove away, and that when Nonnemacher encountered Reid on the road, Reid almost hit Nonnemacher's car coming from the opposite direction. Based on the record before us, we cannot conclude Nonnemacher's testimony was so unreliable as a matter of law that it could not support the DUI conviction.

Given our standard of review and deference to the court's factual findings and credibility determinations, Reid's sufficiency challenge fails. Nonnemacher's testimony is sufficient to support a finding that Reid had driven a car while intoxicated. And combined with Officer Focht's testimony, it was sufficient to support a finding that Reid was not capable of safely driving. Based on the foregoing, we agree with the trial court that the evidence was sufficient to establish Reid's guilt for DUI.

Reid additionally contends his conviction should be vacated because the trial court failed to properly weigh the evidence presented by the Commonwealth. We do not review challenges to the weight of the evidence *de novo* on appeal. ***See Commonwealth v. Rivera***, 983 A.2d 1211, 1225 (Pa. 2009). Rather, we only review the trial court's exercise of its discretionary judgment regarding the weight of the evidence presented at trial. ***See id***.

"[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." ***Commonwealth v. Davidson***, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted).

In advancing his weight challenge, Reid claims the evidence offered that he was driving was based on circumstantial evidence from a lay person. As such, Reid contends the Commonwealth failed to present any credible evidence proving Reid had driven a car. Reid therefore contends the verdict was against the weight of the evidence.

In its opinion, the trial court states that its decision was a credibility determination and that it believed Nonnemacher's testimony. **See** Trial Court Opinion, 10/15/2021, at 6. We agree with the trial court that this credibility determination is not shocking and was thoroughly within the court's discretion and function as fact-finder. Thus, Reid's final issue merits no relief.

As Reid has not established any right to relief on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/5/2022