**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARNELL E. STINSON | : | |
| | : | |
| Appellant | : | No. 1110 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 5, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008928-2020

BEFORE: PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: October 13, 2022**

Darnell Stinson appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas on August 5, 2021, following his conviction for driving under the influence ("DUI") - general impairment. On appeal, Stinson challenges both the sufficiency and the weight of the evidence underlying his conviction for DUI. After careful review, we affirm.

The trial court briefly and accurately summarized the factual and procedural history as follows:

> The testimony adduced at trial established that on September 4, 2020, Officer Justin Liptak observed a white Chevrolet Cobalt commit a traffic violation by failing to use his turn signal, with a burned-out license plate lamp, and two (2) burned-out taillights []. Officer Liptak initiated a traffic stop and encountered [Stinson]. The officer testified that while approaching [Stinson]'s vehicle, he observed an odor of alcoholic beverage emanating from the

---

[*] Retired Senior Judge assigned to the Superior Court.

vehicle. Additionally, the officer observed [Stinson] with bloodshot eyes and extremely slurred speech. While conversing with [Stinson], the officer observed a "clear plastic cup with red liquid in the cup holder of the center console." [Stinson] admitted that the plastic cup contained wine. Officer Liptak credibly testified that [Stinson] refused to submit to Standardized Field Sobriety Tests or a blood test to determine his Blood Alcohol Content ("BAC"). [Stinson] failed to submit to the breathalyzer as a result of his failure to blow directly into the device.

At trial, [Stinson] presented an expert report from Dr. Lawrence Guzzardi that was stipulated to by the Commonwealth. In summary, the report provided that [Stinson] was in an automobile accident in 2013 that left him with "residual neurologic deficits including [dysphagia,] the inability to speak and understand spoken language as well as other neurologic deficits of balance and motor ability." [Stinson] indicated that Dr. Guzzardi viewed him on Microsoft TEAMS on one occasion, on June 16, 2021, when making his determinations.

Additionally, [Stinson] called his girlfriend, Alexis Moore to testify regarding the date in question. Ms. Moore testified that when [Stinson] drove her to work that day, she brought a cup of wine with her in the vehicle. She also testified she instructed [Stinson] to bring a cup of wine with him when he picked her up from work later that day.

Trial Court Opinion, 1/12/2022, at 1-2 (footnoted citations to the transcript omitted).

On August 5, 2021, after a non-jury trial, the court found Stinson guilty of DUI and failing to have functioning rear lights on his car. The court sentenced him the same day to six months' probation, to undergo a drug and alcohol evaluation and follow any recommended treatment, to complete Alcohol Highway Safety School, and to pay fines totaling $325. Stinson filed a timely post-sentence motion, challenging the weight of the evidence. The trial court denied the motion. This timely appeal followed.

In his first issue on appeal, Stinson challenges the sufficiency of the evidence supporting his DUI conviction. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). The Commonwealth may meet this burden of proving every element of the crime by utilizing only circumstantial evidence. *See Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder, so long as the evidence presented is not utterly incapable of supporting the necessary inferences. *See id*. This Court does not independently assess credibility or otherwise assign weight to evidence on appeal. *See Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004).

To support a conviction under Section 3802(a)(1), the prosecution must prove "the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Commonwealth v. Teems*, 74 A.3d 142, 145 (Pa. Super. 2013) (citation omitted).

Stinson argues the Commonwealth failed to prove, beyond a reasonable doubt, that Stinson was under the influence of alcohol at the time of the incident.[1] We disagree.

Officer Liptak testified that while talking to Stinson during the traffic stop, he noticed an odor of alcohol emanating from the vehicle. Officer Liptak observed a cup in the cup holder with red liquid in it, which Stinson admitted was wine. *See* N.T., 8/5/2021, at 7. He further testified that Stinson's eyes were bloodshot and his speech was slurred. He testified that Stinson refused

_____

[1] It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii).

> If [an appellant] wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] ... the sufficiency issue is waived [on appeal].

*Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted).

In his Rule 1925(b) statement, Stinson argued the evidence was insufficient because the Commonwealth failed to prove that Stinson was under the influence of alcohol at the time of the incident. On appeal, for the first time, Stinson attempts to argue that the Commonwealth also failed to prove that he was under the influence to such a degree that he was incapable of safe driving. As this element was not included in Stinson's 1925(b) statement, he has waived any challenge to the sufficiency of the evidence on this element.

to participate in field sobriety tests or a blood test. ***See id***. at 6. Additionally, Officer Liptak said that Stinson failed to complete a breathalyzer test because he failed to blow directly into the device. ***See id***. at 7-8. Based on the above, Office Liptak testified that he concluded Stinson was intoxicated. ***See id***. at 9.

We acknowledge that Stinson had his girlfriend testify in his defense. Stinson's girlfriend testified that Stinson had driven her to work that day and she had left a cup of wine in his car. She further testified that she asked Stinson to bring her a cup of wine when he picked her up from work. However, in light of our standard of review, we note that the finder of fact was free to disregard or discredit this testimony.

After careful review of the evidence presented, we find no error. The testimony presented by Officer Liptak was sufficient to prove the elements of DUI beyond a reasonable doubt. Viewed in a light most favorable to the Commonwealth as the verdict winner, the evidence showed that Stinson committed a traffic violation, had bloodshot and glassy eyes, refused to perform field sobriety tests, refused a breath test, and his vehicle smelled of alcohol and alcohol was present in the vehicle. Accordingly, pursuant to our standard of review, we find Stinson is entitled to no relief on this claim.

Stinson additionally contends the trial court failed to properly weigh the evidence presented. We do not review challenges to the weight of the evidence *de novo* on appeal. ***See Commonwealth v. Rivera***, 983 A.2d 1211, 1225

(Pa. 2009). Rather, we only review the trial court's exercise of its discretionary judgment regarding the weight of the evidence presented at trial. ***See id***.

"[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." ***Commonwealth v. Davidson***, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted).

In advancing his weight challenge, Stinson places significant weight on whether or not the Commonwealth could prove he was driving erratically.

> Erratic driving is not a super-factor, much less one determinative of DUI. Evidence of erratic driving is not a necessary precursor to a finding of guilt [for driving under influence (DUI)-general impairment.] Similarly, slurred speech, alone, may not determine impairment. … The applicable standard for determining probable cause calls for a totality of circumstances analysis, not a mechanical consideration of specific factors.

***Commonwealth v. Salter***, 121 A.3d 987, 995 (Pa. Super. 2015) (citations and internal quotation marks omitted).

Here, even if we assume the absence of erratic driving, the trial court believed that bloodshot eyes, slurred speech, an odor of alcohol emanating from the vehicle, the presence of a cup of wine in the cupholder, and refusal

to perform sobriety and blood tests were reliable clues of impairment and, therefore, sufficient to warrant Stinson's arrest under suspicion of DUI.

Further, in its opinion, the trial court states that its decision was a credibility determination and that it believed Officer Liptak's testimony. *See* Trial Court Opinion, 1/12/2022, at 5. We cannot conclude that the trial court's credibility determination is shocking. Further, this credibility determination was thoroughly within the court's discretion and function as fact-finder. Thus, Stinson's final issue merits no relief.

As neither of Stinson's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/13/2022